UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNNY RAY GASKIN, | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | | |
| UNIVERSITY OF HOUSTON POLICE DEPARTMENT, | § | |
| Defendant. | | |

### COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

Plaintiff JOHNNY RAY GASKIN, by and through his undersigned counsel, brings this action against Defendant, UNIVERSITY OF HOUSTON POLICE DEPARTMENT, for violations of his constitutional rights under 42 U.S.C. § 1983, arising from acts of race and sex discrimination and unlawful retaliation during his employment as a police officer.

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

2. Venue is proper in this Court under 28 U.S.C. § 1391(b), as the events occurred within the Southern District of Texas, Harris County.

## II. PARTIES

3. Plaintiff **JOHNNY RAY GASKIN** is a resident of Harris County, Texas, and a former officer employed by the University of Houston Police Department.

4. Defendant **UNIVERSITY OF HOUSTON POLICE DEPARTMENT** is a state actor and agency of the University of Houston System, located in Houston, Texas.

## III. FACTUAL ALLEGATIONS

### PLAINTIFF'S MASTER EXHIBIT LIST

**Exhibit A** – Chain of Command Chart

**Exhibit B** – Memorial Hermann Medical Records

**Exhibit C** – Singleton Associates

**Exhibit D** – UT Health Medicals

**Exhibit E** – Credit Management

**Exhibit F** – HCA Houston Healthcare North Cypress

**Exhibit G** – GC Services Limited Partnership

**Exhibit H** – Medicredit, Inc.

**Exhibit I** – Memorial Pathology Consultants

**Exhibit J** – Memorial Hermann Emergency Physician

**Exhibit K** – Transworld Systems, Inc. (TSI Physical)

**Exhibit L** – Texas Neurological PLLC

**Exhibit M** – Brown & Associates Medical Lab

**Exhibit N-** Texas Neurological PLLC

**Exhibit O-** Stroke and Inpatient Neurology of Texas

**Exhibit P-** Methodist

**Exhibit Q-** Houston Radiology Associated

**Exhibit R:** Text Messages (5-pages) Late February 2021 TI Early March 2021 c/o Shegogg on Gaskin Sickness and Illness Johnny Gaskin Last Day of Work 2/23/21

**Exhibit S:** Denial Letter Dated February 27, 2025

5. Plaintiff, a Black male, was employed with Defendant from 2016 to 2021.

6. During his employment, Plaintiff was subjected to race and sex discrimination, disparate treatment, and retaliation.

7. He reported to supervisors including Joye Pocaro, Mr. Shegogg, Chief Moore, and A.C. Johnson, who exhibited or allowed discriminatory and retaliatory conduct.

8. Female and non-Black officers were favored in promotions, assignments, and were not subjected to the same disciplinary scrutiny.

9. Despite making multiple internal complaints, Plaintiff was constructively terminated.

10. Plaintiff suffered economic loss, reputational damage, and emotional distress.

11. Plaintiff suffered a permanent disability due to a stroke prior to being constructively terminated by Defendant.

12. Plaintiff remains permanently disabled following the constructive termination of his employment by Defendant and has no foreseeable means of obtaining employment in the near future.

13. Plaintiff continues to suffer economic losses as a direct result of being constructively terminated by Defendant.

## IV. CAUSES OF ACTION

### COUNT I – RACE DISCRIMINATION (42 U.S.C. § 1983)

14. Plaintiff incorporates all prior paragraphs as if fully set forth herein.

15. Defendant, acting under color of state law, violated Plaintiff's constitutional rights under the Equal Protection Clause of the Fourteenth Amendment by intentionally discriminating against him on the basis of race.

16. Plaintiff, who is African American, was treated less favorably than similarly situated non-African American employees. Specifically, he was denied promotional opportunities, assigned less favorable duties, and subjected to harsher disciplinary action for conduct that did not result in discipline for white employees.

17. The disparate treatment described above was motivated, at least in part, by discriminatory intent, in violation of established constitutional protections. See *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 265 (1977) ("Proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause.").

### COUNT II – SEX DISCRIMINATION (42 U.S.C. § 1983)

18. Plaintiff incorporates all prior paragraphs as if fully set forth herein.

19. Defendant intentionally discriminated against Plaintiff on the basis of his sex, in violation of the Equal Protection Clause.

20. While Plaintiff was denied various professional opportunities, including assignments, training, and advancement, female officers in similar or lesser positions were granted such opportunities without justification, evidencing a pattern of unequal treatment based on gender.

21. This sex-based discrimination deprived Plaintiff of rights protected under the Constitution.
See *Davis v. Passman*, 442 U.S. 228, 234–35 (1979) ("[T]he equal protection component of the Due Process Clause of the Fifth Amendment confers on petitioner a federal constitutional right to be free from discrimination on the basis of sex in the employment of the federal government.")

## COUNT III – RETALIATION (42 U.S.C. § 1983)

22. Plaintiff incorporates all prior paragraphs as if fully set forth herein.

23. Plaintiff engaged in protected activity by internally and externally reporting instances of discrimination based on race and sex.

24. In direct response to these protected complaints, Defendant engaged in retaliatory conduct, including but not limited to: intensified scrutiny, unwarranted disciplinary action, unfavorable reassignment, and eventual termination.

25. Defendant's retaliatory actions violated Plaintiff's rights to free speech and petition under the First Amendment, as well as the right to be free from unlawful retaliation under the Fourteenth Amendment.

See *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977) ("A plaintiff may establish a claim for retaliation by showing that the conduct at issue was constitutionally protected, and that it was a 'substantial' or 'motivating factor' in the decision.").

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to:

A. Declare Defendant's conduct unconstitutional;

B. Award compensatory damages for economic losses and emotional distress;

C. Award punitive damages;

D. Order reinstatement or front pay in lieu thereof;

E. Award attorneys' fees and costs under 42 U.S.C. § 1988;

F. Grant any other relief the Court deems just.

**Plaintiff demands a trial by jury on all triable issues.**

Respectfully Submitted,

/s/ Wayman L. Prince
Wayman L. Prince
TBA No. 16329350
Law Offices of Wayman L. Prince
9111 Katy Freeway – Suite 301
Houston, Texas 77024
(713) 467-1659
wayman@wlplaw.com