United States District Court
Southern District of Texas
**ENTERED**
December 08, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Johnny Ray Gaskin, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action H-25-1658 |
| | § | |
| University of Houston Police | § | |
| Department, | § | |
| *Defendant.* | § | |

## MEMORANDUM AND ORDER

Pending before the court are the University of Houston Police Department's (UHPD) Motion to Dismiss, ECF No. 10; Johnny Ray Gaskin's Motion for Leave to File First (1st) Amended Complaint) (Motion for Leave to Amend), ECF No. 23; and two motions to strike filed by UHPD, ECF Nos. 28, 29. The parties consented to the jurisdiction of the undersigned for all purposes, including entry of judgment. ECF Nos. 19, 20, 22. For the reasons stated below, the Motion to Dismiss is **GRANTED**, the Motion for Leave to Amend is **DENIED**, and the motions to strike are **DENIED** as moot.

### 1. Facts and Procedural Posture

Johnny Ray Gaskin filed his Complaint against the University of Houston Police Department (UHPD) on April 10, 2025. ECF No. 1. He alleged claims under 42 U.S.C. § 1983 for race and sex discrimination as well as retaliation. *Id.* at 1, 4–6. Gaskin alleged that he was employed by UHPD from 2016 to 2021, during which time he was subjected to race and sex discrimination, disparate treatment, and retaliation. *Id.* at 3. He claims that his supervisors exhibited and allowed discriminatory and retaliatory

conduct. *Id.* According to Gaskin, female and non-Black officers were favored in promotions and assignments and were not subjected to the same scrutiny as he was. *Id.* Gaskin alleges he made multiple internal complaints and was constructively terminated. *Id.*

UHPD filed a Motion to Dismiss on May 7, 2025. ECF No. 10. UHPD argued that Gaskin's claims are barred by Eleventh Amendment sovereign immunity; that Gaskin lacked standing to bring his claims; and that Gaskin failed to state a claim upon which relief may be granted. *Id.* at 2. As to the last ground, UHPD argued in part that all claims against it were barred by the statute of limitations. *Id.* at 8. On May 9, 2025, Gaskin responded to the motion to dismiss. ECF No. 11. Gaskin did not address sovereign immunity or the statute of limitations, but he did ask for leave to amend his complaint.

The court held a scheduling conference on July 31, 2025, but took no substantive action at that time. The court reset the conference to August 28, 2025. On August 27, 2025, the parties consented to the jurisdiction of the undersigned magistrate judge. ECF Nos. 19, 20, 22. The court held a hearing on August 28, 2025. ECF No. 21. The court stayed discovery pending resolution of the pending motions. *Id.* The court also granted Gaskin leave to file a motion for leave to amend his complaint by September 19, 2025. *Id.* The court ordered that the motion must identify any additional defendants that Gaskin wished to add to the case and address whether amendment of the complaint would be futile, including whether sovereign immunity would apply to any proposed additional defendants. *Id.*

On September 4, 2025, Gaskin filed his Motion for Leave to Amend. ECF No. 23. He seeks to add as defendants the University of Houston System Board of Regents, the police department chief, the assistant police department chief, a police captain, and a police

2

event, the court's analysis is not impacted by Gaskin's September 4, 2025 Response, so the motions to strike are also moot.

On October 9, 2025, UHPD filed its Response in Opposition to Gaskin's Motion for Leave to Amend. ECF No. 30. UHPD argues that amendment would be futile because all of Gaskin's claims are barred by the relevant statutes of limitation. *Id.* Gaskin did not file a reply.

### *2. Motion to Dismiss*

The live Complaint in this case, ECF No. 1, identifies only UHPD as a defendant and alleges claims only under 42 U.S.C. § 1983. The Eleventh Amendment immunizes states and state agencies, including state universities and departments thereof, including their police departments, from suit in federal court. *Harrell v. Univ. Hous. Police Dep't*, 44 F.3d 1004 (5th Cir. 1995) (finding that the University of Houston Police Department was a department within the University of Houston and was thus entitled to sovereign immunity); *Dittmer v. Tex. S. Univ.*, No. 10-182, 2010 WL 3119925, at *3 (S.D. Tex. Aug. 5, 2010); *Williams v. Univ. Tex. Police Dep't*, No. H-18-3711, 2019 WL 4274376, at *2 (S.D. Tex. Sept. 10, 2019) (finding that The University of Texas Police Department, as a department of The University of Texas, was entitled to sovereign immunity). UHPD is entitled to sovereign immunity.

Before a state university or one of its departments may be sued, either the Texas Legislature must waive sovereign immunity or Congress must abrogate the state's sovereign immunity. *Dittmer*, 2010 WL 3119925, at *3; *Bazile v. Tex. Juv. Just. Dep't*, No. 24-2936, 2025 WL 2664248, at *2 (S.D. Tex. Sept. 17, 2025). Gaskin has not addressed the issue of sovereign immunity and has thus not demonstrated that Texas waived its sovereign immunity or that Congress abrogated it when it enacted section 1983. It does

4

not appear that either of those things have occurred. *Bazile*, 2025 WL 2664248, at *2 ("Texas has not waived its Eleventh Amendment immunity, and Congress did not abrogate that immunity when enacting § 1983."); *Williams v. Univ. Hous. Downtown Police Dep't*, No. 18-3712, 2019 WL 2931669, at *2 (S.D. Tex. Jun. 18, 2019); *see also* Tex. Educ. Code Ann. § 111.33 ("Nothing in this section shall be construed as granting legislative consent for suits against the board, the University of Houston System, or its component institutions and entities except as authorized by law.").

"Because [Eleventh Amendment] sovereign immunity deprives the court of jurisdiction, the claims barred . . . can be dismissed only under [Federal Rule of Civil Procedure] 12(b)(1) and [without] prejudice." *Duhon v. Healthcare Pros. Found. La.*, No. 20-2022, 2022 WL 317302, at *4 (E.D. La. Feb. 2, 2022) (quoting *Warnock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996)). Accordingly, Gaskin's claims against UHPD under section 1983 are **DISMISSED** without prejudice. The court need not reach any of UHPD's other arguments for dismissal.

### 3. *Motion for Leave to Amend*

Under Rule 15(a), courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Though that's a generous standard, 'leave to amend can be properly denied where there is a valid justification.'" *Robertson v. Intratek Comput., Inc.*, 976 F.3d 575, 584 (5th Cir. 2020) (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006)). Valid justifications include undue delay, bad faith, dilatory motive, and whether the facts underlying the amended complaint were known to the party when the original complaint was filed. *Id.* (quoting *Southmark Corp. v. Schulte Roth & Zabel (In re Southmark Corp.)*, 88 F.3d 311, 316 (5th Cir. 1996)). Courts may also consider a plaintiff's

5

repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (citing cases). An amended complaint is futile if "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (citing cases). The analysis requires courts to apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* (quoting cases).

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Generally, the court is constrained to the "four corners of the complaint" to determine whether the plaintiff has stated a claim. *Morgan v. Swanson*, 659 F.3d 359, 401 (5th Cir. 2011); *see also Loofbourrow v. Comm'r*, 208 F. Supp. 2d 698, 708 (S.D. Tex. 2002) ("the court may not look beyond the four corners of the plaintiff's pleadings.").

Under Rule 12(b)(6), the court determines whether the plaintiff's complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Ultimately, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted).

6

Courts accept "all well-pleaded facts as true" and "view[] them in the light most favorable to the plaintiff." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). "A plaintiff need only plausibly allege facts going to the ultimate elements of the claim to survive a motion to dismiss." *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 768 (5th Cir. 2019). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable[.]" *Id.* at 556.

In considering a motion to dismiss, the court must limit itself to: (1) the facts in the complaint; (2) documents attached to the complaint; and (3) matters of which the court may take judicial notice. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). The court has discretion to consider "any documents attached to the complaint[] and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Such documents are considered part of the pleadings. *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

UHPD argues that all of Gaskin's proposed claims are barred by the respective statutes of limitation. "A motion to dismiss may be granted on a statute of limitations defense where it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling." *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014); *Doe v. Baylor Univ.*, 313 F. Supp. 3d 786, 791 (W.D. Tex. 2018).

Aggrieved employees filing suit under Title VII must first file a charge of discrimination with the EEOC. 42 U.S.C. § 2000e-

7

5(e)(1). In Texas, the charge must be filed within 300 days of the alleged wrongful conduct. *Weathers v. Hous. Methodist Hosp.*, 116 F.4th 324, 329 (5th Cir. 2024). After filing an EEOC charge, a plaintiff must file suit within ninety days of receipt of a right-to-sue letter for it to be timely. 42 U.S.C. § 2000e-5(f)(1). When the date of receipt of a right-to-sue letter is unknown, "the Fifth Circuit presumes that the letter was received on or prior to the seventh day after the letter was mailed." *January v. Tex. Dep't Crim. Just.*, 760 F. App'x 296, 299–300 (5th Cir. 2019). The ninety-day period is strictly construed, and if a plaintiff files suit more than ninety days after receiving notice of their right to sue, the court will dismiss the plaintiff's action. *Washington v. City of Gulfport*, 351 F. App'x 916, 918 (5th Cir. 2009).

UHPD attached the EEOC's letter informing Gaskin of his right to sue to its Response to the Motion to Dismiss. ECF No. 30 at 9–12. The court will consider the letter because it is referred to in the Motion for Leave to Amend, ECF No. 23 at 4, and is central to Gaskin's claim. The letter was issued on June 6, 2022, and is thus deemed to have been received by Gaskin seven days later, on June 20, 2022. Gaskin filed this lawsuit on April 10, 2025,[1] well outside ninety days from receipt of the EEOC's letter. His Title VII claims would therefore be untimely.

The statute of limitations for claims under Title IX is the same as it is for claims under section 1983, which means that the limitations period is borrowed from the forum state's general limitations period for torts. *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 759–61 (5th Cir. 2015). In Texas, that is two

---

[1] The court recognizes that only section 1983 claims were brought in the Original Complaint and that only UHPD was named at that time. Thus, there may be an argument that the later date on which the Motion for Leave to Amend was filed should be used. But even using the earlier date, Gaskin's suit is untimely, so the court uses the earlier date to simplify the analysis.

years, pursuant to Texas Civil Practice and Remedies Code § 16.003. *Id.* Accrual of the limitations period is determined by federal law. *Id.* at 762. Under federal law, a claim accrues when the plaintiff becomes aware he has suffered an injury or has sufficient information to know of the injury. *Id.* (relying on *Spotts v. United States*, 613 F.3d 559, 574 (5th Cir. 2010)). The same rules apply in the context of claims under the Rehabilitation Act. *Frame v. City of Arlington*, 657 F.3d 215, 237 (5th Cir. 2011). Because this suit was filed, at the earliest, on April 10, 2025, if Gaskin's claims accrued before April 10, 2023, all of his claims under Title IX, section 1983, and Section 504 would be untimely.

In his Motion for Leave to Amend, Gaskin identifies many forms of injury. The latest injury appears to be his constructive discharge in 2021. The other injuries are those that occurred while he was employed. For example, he alleges that UHPD and its staff were hostile toward him, denied him advancement, favored female employees, and disciplined him more harshly. ECF No. 23 at 2. He also alleges that UHPD failed to accommodate his disability, subjected him to intensified scrutiny, disciplined him unfairly, gave him unfavorable assignments, denied him promotions, and retaliated after he reported the discrimination. *Id.* at 2–3. He makes it clear that the mistreatment ended when he was constructively discharged. *Id.* at 3 ("Instead of correcting the discrimination, Defendants escalated the retaliatory treatment, ultimately resulting in Plaintiff's constructive termination in 2021."). The court can find no allegation of any injury in the Motion for Leave to Amend that could plausibly have occurred after 2021. All of the injuries that Gaskin claims to have suffered are the sort that he would have known about immediately, or certainly before he was constructively discharged. All of Gaskins claims under Title IX, section 1983, and Section 504 would be untimely.

Gaskin makes brief mention of the continuing violation theory and equitable tolling but does not provide any facts to support the application of those principles. In the context of harassment claims, the Fifth Circuit recognizes an equitable exception to the filing period when the "unlawful employment practice manifests itself over time, rather than as a series of discrete acts." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 474 (5th Cir. 1989). This "continuing violation" exception requires that the plaintiff show that "at least one incident of harassment occurred within the [limitation] period." *Id.* More specifically, a plaintiff must show 1) at least one act of harassment was timely exhausted; and 2) that the acts inside and outside of the statutory period are sufficiently related. *Lopez v. AT&T Mobility Servs. LLC*, 767 F. Supp. 3d 406, 430 (W.D. Tex. 2025). Here, there are no acts of harassment that fall within the limitations period, so this doctrine does not help Gaskin.

Gaskin has presented no facts to suggest that equitable tolling should apply. Courts have allowed equitable tolling in the context of Title VII claims when (1) a plaintiff timely files suit in the wrong forum, (2) a plaintiff is unaware of the facts giving rise to the suit because the defendant intentionally concealed them, or (3) the EEOC misleads a plaintiff about her rights. *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) (noting that the list is not exhaustive). Equitable tolling should be applied sparingly. *Id.*

Other equitable doctrines may also toll the statute of limitations. When a federal cause of action borrows a state statute of limitations, state tolling rules apply. *See King-White*, 803 F.3d at 764; *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). For example, the discovery rule defers accrual of the cause of action "until the injury was or could have reasonably been discovered." *Shell Oil Co. v. Ross*, 356 S.W.3d 924, 929–30 (Tex. 2011).

10

The discovery rule only applies in cases where the nature of the injury incurred is inherently undiscoverable. *Id.* "An injury is inherently undiscoverable if it is by nature unlikely to be discovered within the prescribed limitations period despite due diligence." *S.V. v. R.V.*, 933 S.W.2d 1, 7 (Tex. 1996). Similarly, the doctrine of fraudulent concealment tolls the statute of limitations so that a defendant may not avoid liability "by deceitfully concealing wrongdoing until limitations has run." *Shell Oil*, 356 S.W.3d at 927. The doctrine requires a plaintiff to show that the defendant "actually knew a wrong occurred, had a fixed purpose to conceal the wrong, and did conceal the wrong." *Id.* Neither of these equitable doctrines applies here. The injuries that Gaskin suffered would have been known to him at the time they occurred. There is no allegation that UHPD or the other proposed defendants concealed their wrongdoing. In fact, it appears that Gaskin was well aware of the mistreatment, given that he was constructively discharged—i.e., he was forced to resign to remove himself from the situation.

Because all of Gaskin's claims under Title IX, section 1983, and Section 504 accrued during or before 2021, and tolling does not apply, they would be untimely. Accordingly, Gaskin's Motion for Leave to Amend would be futile and it is **DENIED.**

### 4. Conclusion

Because Gaskin's claims are barred by Eleventh Amendment sovereign immunity, UHPD's Motion to Dismiss, ECF No. 10, is **GRANTED**. Gaskin's section 1983 claims against UHPD are **DISMISSED** without prejudice.

Additionally, because all of Gaskin's claims are barred by the relevant statutes of limitation, filing an amended complaint would be futile. Gaskin's Motion for Leave to Amend, ECF No. 23, is **DENIED**, and UHPD's motions to strike, ECF Nos. 28, 29, are **DENIED** as moot.

Signed at Houston, Texas, on December 8, 2025.

_____
Peter Bray
United States Magistrate Judge